UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID ROY ISLEY            )
                           )
v.                         )                 No. 2:09-CV-133
                           )
AMERICAN GREETINGS CORPORATION    )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant American Greetings Corporation's ("AGC") motion for summary judgment, [Doc. 11]. AGC raises several arguments as to why it is entitled to summary judgment. These arguments include: (1) the plaintiff's claim fails under *Gross v. FBL Financial Services, Inc.*, – U.S. –, 129 S. Ct. 2343 (2009); (2) the plaintiff has failed to establish a *prima facie* case; (3) the plaintiff cannot establish pretext; and (4) the plaintiff's damage claims fail. The plaintiff responded, and he did not address the first argument. He does address the second and third argument, and he concedes the fourth argument. For the following reasons, this Court agrees with the defendant, and the motion is **GRANTED**.

## I. FACTS

The facts viewed in the light most favorable to the plaintiff are as follows:

The plaintiff had worked for the defendant or its predecessor for 42 years.

During that time, he never received any disciplinary "write-ups" until 2008. On April 29, 2008, the plaintiff was given a First Written Warning for taking excessively long lunch breaks. The plaintiff does not dispute having done so; however, he claims that many of his co-workers were also taking excessive breaks. He testified in his deposition that all of these co-workers were over 40 years old.

The plaintiff received a second written warning on May 19, 2008. This was a "Final Written Warning." He received this warning in lieu of discharge for taking two wheels from the press room. The plaintiff removed the wheels from a cart and threw them in his truck to take home. Again, plaintiff does not dispute this fact. Nonetheless, he stated that AGC allowed employees to take home scrap materials. The policy in February or March 2008, however, changed in that the employees had to receive permission to take scrap off the premises before doing so. The plaintiff did not receive permission.

In November 2008, the plaintiff was instructed to remove approximately 100 fire hoses from their connections throughout the facility. The plaintiff used a forklift to do so because of the weight of the hoses. On November 15, 2008, while removing a hose with the forklift, a water line broke, and a portion of the building was flooded. The plaintiff admits that he did not turn off the water prior to attempting the hose's removal. He asserts that it was an accident and that the pipe which broke was

old.  Further, it is undisputed that the water caused approximately $3,900.00 in damages to AGC's products.  After this incident, AGC terminated the plaintiff's employment.  At the time of termination he was 65 years old.

Finally, the plaintiff testified in his deposition that he was not a member of the union, and he and the union president, Phil Ball, did not get along.  In addition, he had a personality conflict with a co-worker named Mike Collins.  The plaintiff testified that he felt part of the reason he was terminated was due to these two individuals.  More importantly, however, he asserts that he did not receive the write-ups until after he discussed his retirement with Mr. Ball.  The plaintiff alleges that he informed Mr. Ball that he was not planning on retiring anytime soon when Mr. Ball asked him.  At the time Mr. Ball asked the plaintiff about retirement, the plaintiff was 65 years old.  The plaintiff asserts that Mr. Ball informed other employees of his decision not to retire.  The plaintiff admits that no one from Human Resources or management asked him about his possible retirement.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c).  In ruling on a motion for summary judgment, the Court must view the

facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the

evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. ANALYSIS

Again, the defendant raises several grounds for why it is entitled to summary judgment. This Court determines that each reason asserted seems to be valid. However, the Court will only address the issue of whether the plaintiff has established a *prima facie* case. Because this Court concludes that the plaintiff has not so established, the Court need not decide the other issues raised.

The plaintiff bears the burden of establishing a *prima facie* case of age discrimination under the ADEA. He can meet this burden by proving that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he

was qualified for the position; and (4) he was replaced by someone outside of his protected class or that other similarly situated employees outside of his protected class were treated better.  *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973)).

Plaintiff seems to be proceeding under the second method for proving the fourth element.  In order to meet his burden regarding the fourth element, the plaintiff must show that he was "similarly situated" to his comparator "in all relevant aspects," and that their employment circumstances were "nearly identical."  *See Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998); *Mitchell*, 964 F.2d at 583.   Factors that this Court considers in making this determination are set forth in *Mitchell v. Toledo Hospital* and include whether the plaintiff and comparator:  (1) dealt with the same supervisor; (2) had been subject to the same standards; and (3) had engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.  964 F.2d at 583.

First, the plaintiff alleged that other individuals took long lunch breaks and were not disciplined.  Of all the comparators which the plaintiff identified, none of these individuals are outside of the protected class.  The plaintiff admitted that all were above the age of 40.

Second, the plaintiff has not identified a "similarly situated" comparator who engaged in the same activity as he and was not terminated. As the defendant correctly summarized, the plaintiff "has not identified an employee who: (1) was on Final Written Warning status; (2) engaged in unacceptable performance that caused a workplace accident and significant damage to company property; and (3) was not terminated." The plaintiff has not established the fourth element of his *prima facie* case. As such, his case fails.

## IV. CONCLUSION

For the reasons set forth above, the plaintiff has failed to establish a *prima facie* case of age discrimination. Accordingly, the defendant's motion for summary judgment is **GRANTED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE